KLEIN
*v.*
DINKGRAVE.

---

## JONES *v.* WHEELIS.

Where the United States have recognized the claim of one of two persons pretending to be settlers on the public lands and have issued a patent to him, the courts of this State have no power, in the absence of any equities or evidence taking the case out of the general rule, to revise their decision.

Decision in *Hollon* v. *Sapp, ante* p. 519, affirmed.

APPEAL from the District Court of Franklin, *Barry, J. W. J. Q. Baker,* for the appellant. *Purvis,* for the defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff alleges that the defendant has fraudulently entered the land on which he resides, and obtained a patent from the United States. He prays that the patent may be adjudged to have enured to his benefit, and the defendant be ordered to transfer the land to him upon receiving back the price he has paid, or that, if the court should refuse to do this, he may have judgment against the plaintiff for $1000, the alleged value of his improvements.

The answer contains a general denial, and an averment that the defendant was the first settler on the land, and that the plaintiff always acquiesced in his claim. There was judgment in his favor in the court below, and the plaintiff appealed.

On the trial a witness testified that the plaintiff went into possession under a lease from the defendant; but the same witness having stated, on his cross-examination, that the lease was reduced to writing, the court, on the application of the plaintiff, ordered all the testimony in relation to the lease to be stricken from the record. The counsel for the defendant took a bill of exceptions, which it is not necessary to notice.

The plaintiff and defendant stand before us as settlers upon the same quarter section of land. The United States have recognized the claim of the defendant to it to be well founded, and a patent has issued in his favor, in due course of law. We have no authority to revise this decision. There are no equities and evidence such as would take this case out of the general rule.

JONES
v.
WHEELIS.

So far as the question of damages is involved, this case does not differ from that of *Hollon* v. *Sapp*, *ante* p 519, decided at this term, to which we refer. The plaintiff has failed to make out a cause of action.          *Judgment affirmed.*